# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| BSI INDUSTRIES, INC., | : | |
| Plaintiff, | : | |
| vs. | : | CASE NO: 2:08-cv-276 |
| | : | |
| | : | JUDGE SARGUS |
| | : | MAGISTRATE JUDGE KING |
| Q.B. JOHNSON MANUFACTURING, INC., | : | |
| | : | |
| Defendant. | : | |

## DEFENDANT'S MOTION TO DISMISS OR STAY,
## WITH BRIEF IN SUPPORT

Defendant Q.B. Johnson Manufacturing, Inc. ("Q.B. Johnson") submits its initial responsive pleading in the form of this Motion to Dismiss or Stay. The claims asserted by BSI Industries, Inc. in this litigation are already pending in another federal district court where Q.B. Johnson has asserted a settlement agreement that resolves the claims alleged by BSI arising from certain purchase orders. As a result, pursuant to the first-filed case rule and Fed. R. Civ. P. 12, this court lacks subject matter jurisdiction over the Complaint, the Complaint fails to state a claim for which relief can be granted, and Q.B. Johnson is entitled to either dismissal of the Complaint or a stay of litigation in this district. In support of this Motion, Q.B. Johnson provides the following Introduction, Facts and incorporated Brief in Support.

1

## INTRODUCTION

As reflected by BSI's Complaint, in late 2007 BSI withheld over $400,000.00 in payments due under $4.5 million in purchases from Q.B. Johnson, due in part to procurement delays affecting third-party components priced at approximately $166,000.00. However, the Complaint fails to reveal a critical fact that should necessarily direct the outcome of the dispute between these parties. In October, 2007, in lieu of invoking any of the various remedies available under its alleged purchase order "Terms and Conditions", BSI offered to settle its account with Q.B. Johnson. Q.B. Johnson countered, requesting a larger initial payment. Both parties accepted and acted upon those agreed terms.

When BSI later refused to pay its balance due after the last items of ordered equipment were tendered, Q.B. Johnson filed suit in Oklahoma state court for the net amount due based on the agreed terms reached by the two corporate presidents.

BSI retaliated by filing a Complaint in this district and invoking diversity to remove Q.B. Johnson's state court Petition to the Western District of Oklahoma. BSI then filed a motion to dismiss or transfer the Oklahoma case. On May 8, 2008, the Western District of Oklahoma overruled BSI's motion and held that the parties have reached a settlement agreement lacking a forum selection provision, which can thus be enforced in Oklahoma.

BSI's claims in this district arise excusively from the alleged Purchase Orders to which it attached its "Terms and Conditions" documents. The settlement agreement that

is the subject of the Oklahoma lawsuit resolves claims arising from these same purchase orders. BSI should not be permitted to proceed in this court upon claims that are already being adjudicated in another federal district court.

**FACTS**

1. On March 11, 2008, Q.B. Johnson filed a Petition in Oklahoma County District Court alleging breach of an agreement to pay for goods and services. Exhibit 1.

2. Thirteen days later BSI filed a lawsuit in the Sourthern District of Ohio seeking to be relieved of its payment obligation and alleging that Q.B. Johnson owes approximately $2,000,000.00 in penalties pursuant to "Terms and Conditions" attached to two purchase orders. Exhibit 2 (the subject Complaint).

3. On April 14, 2008, BSI removed Q.B. Johnson's Petition to the Western District of Oklahoma. Exhibit 3, Removal Notice.

4. On April 17, 2008, Q.B. Johnson filed its Amended Complaint. Exhibit 4.

5. On April 18, 2008, BSI filed a Motion to Dismiss or Transfer in the Oklahoma-based lawsuit. Exhibit 5.

6. On May 5, 2008, Q.B. Johnson was granted leave to file its Second Amended Complaint. Exhibit 6 (Order); Exhibit 7 (2nd Amended Complaint). Q.B. Johnson's claim in the Oklahoma litigation seeks enforcement of a settlement agreement concerning the BSI purchase orders. Exhibit 7; Exhibit 8, Response to Motion to Dismiss, including Aff. of L. Johnson (redundant exhibits omitted).

7. On May 8, 2008, the Western District of Oklahoma issued its Order overruling BSI's Motion, finding that a settlement agreement exists and that it contains no venue restriction. Exhibit 9.

8. BSI's answer and counterclaim was filed in the Western District of Oklahoma on May 22, 2008. The counterclaim duplicates BSI's claims in this District. Exhibit 10.

**BRIEF IN SUPPORT OF STAY OR DISMISSAL**

Two lawsuits are pending between Q.B. Johnson and BSI. The action in Oklahoma seeks enforcement of a settlement of claims arising on two BSI-authored purchase orders. The suit in this district seeks remedies under those same purchase orders. Thus, the settlement agreement would be Q.B. Johnson's defense to the claims in BSI's Complaint. Because the suit in Oklahoma arose first, and both suits involve the same parties and operative facts, this Court should decline jurisdiction.

**I.  THE WESTERN DISTRICT OF OKLAHOMA HAS THE FIRST-FILED CASE.**

"The first-to-file rule … provides that when actions involving nearly identical parties and issues have been filed in two different district courts, 'the court in which the first suit was filed should generally proceed to judgment.'" *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs.*, 16 Fed. Appx. 433, 437 (6th Cir. 2001) (quoting *In re Burley*, 738 F.2d 981, 988 (9th Cir. 1984)). The "first-filed case" rule calls for dismissal, stay or transfer of a later-filed action in deference to an action already commenced in another district. This prevents the needless duplication of litigation in multiple districts. *See,*

*Mead Corp. v. Stuart Hall Co.*, 679 F. Supp. 1446, 1450 (S.D. Ohio 1987); *Plating Resources, Inc. v. UTI Corp.*, 47 F. Supp. 2d 899 (N.D. Ohio 1999).

Q.B. Johnson filed its Petition in Oklahoma County District Court before BSI filed its Complaint in this district.[1] The fact that the state court action was removed to federal court subsequent to the filing of the Complaint in this district does not change the sequence concerning which case came first for purposes of the first-filed rule. *Aluminum Banking Co. v. Callery/Conway/Mars HV, Inc.*, 2006 U.S. Dist. LEXIS 53459 **4-6 (E.D. Mich. Aug. 2, 2006) (copy attached as Exhibit 11; collecting uniform cases). Further, any question about whether Oklahoma or Ohio provides the more appropriate forum for BSI's claims should be decided in Oklahoma. *Id.* at **7-8.

This case is not the first-filed case between these parties concerning essentially the same operative facts. Therefore, this case should be stayed under the first-filed until a final judgment is reached in Oklahoma or, alternatively, dismissed for lack of jurisdiction.

## II.     STAY OR DISMISSAL IS SUPPORTED BY THE JUDICIALLY NOTICEABLE FACTS.

BSI's Complaint claims that it owes Q.B. Johnson nothing, and instead that Q.B. Johnson owes BSI nearly two million dollars in penalties and freight costs, relying on

---

[1] Although not vital to application of the rule, service under Oklahoma's process service rules made BSI's initial responsive filing in Oklahoma due before any responsive filing became due from Q.B. Johnson in this district.

purchase order "Terms and Conditions" attached to BSI's Complaint. But that is not the whole story of this matter.

Judicial notice can and should be taken of the records and orders entered in proceedings in other courts. *Granader v. Public Bank,* 417 F.2d 75, 82-83 (6th Cir. 1969), *cert. denied*, 397 U.S. 1065 (1970); *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999), *reh'g denied*.[2] Judicially noticeable facts do not require conversion of a dismissal motion into a summary judgment motion. *Id*. The purpose of Q.B. Johnson's exhibits to this Motion are to add to this Court's Rule 12(b) record the judicially noticeable adjudicative facts that were omitted from BSI's Complaint. *See*, *Song v. City of Elyria*, 985 F.2d 840, 842 (6th Cir. 1993). The Oklahoma court's Order recognizing the settlement that resolves claims relating to BSI's purchase orders should be judicially noticed. When added to the allegations of BSI's Complaint, BSI's claims evaporate.

Federal district courts have inherent power to summarily enforce private settlements of disputes, so long as they have subject matter jurisdiction. *See, Henley v. Cuyahoga County Bd. of Mental Retardation & Developmental Disabilities,* 141 Fed. Appx. 437, 442 (6th Cir. Ohio 2005), *Shoels v. Klebold*, 375 F.3d 1054, 1060 (10th Cir. 2004). *See also, Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 381 (1994) (stating rule for jurisdiction). In this case, jurisdiction to enforce the private settlement

---

[2] Overruled in part on unrelated issue concerning sufficiency of initial pleading by *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (U.S. 2002).

reached between BSI and Q.B. Johnson first obtained in Oklahoma. BSI's claims in this Court, which attempt to ignore or reneg on the settlement, should be either stayed until a final judgment is reached in the Oklahoma litigation, or they should be dismissed.

Q.B. Johnson's claim seeking enforcement of its settlement with BSI subsumes the claims that BSI has alleged in its Complaint in this Court. The Western District of Oklahoma has already preliminarily credited the existence of a settlement in relation to the purchase orders that BSI asserts in its Complaint. Permitting BSI to proceed in this district as if the Order already entered in Oklahoma does not exist would cause duplicative litigation and potentially contradictory outcomes.

## CONCLUSION

Any disputes and claims between BSI and Q.B. Johnson concerning BSI's purchase orders has already been settled. Enforcement of that settlement is proceeding in Oklahoma, where litigation was first commenced. This Court should not exercise jurisdiction in this case because doing so would conflict with the proceeding in the Western District of Oklahoma.

Respectfully submitted,


    s/ Leif E. Swedlow
Mark H. Price, OBA #7302
Leif E. Swedlow, OBA #17710
Jacquelyn V. Duffy, OBA #21630
(*admitted pro hac vice*)
**ANDREWS DAVIS**
A Professional Corporation
Attorneys and Counsellors At Law
100 N. Broadway, Suite 3300
Oklahoma City, Oklahoma 73102
Telephone: (405) 272-9241
Facsimile: (405) 235-8786
E-mail: mhprice@andrewsdavis.com
E-mail: lswedlow@andrewsdavis.com
E-mail: jvduffy@andrewsdavis.com

and

Frederick M. Luper (0019289)
LUPER NEIDENTHAL & LOGAN
A Legal Professional Association
50 West Broad Street, Suite 1200
Columbus, OH 43215
Telephone No.: (614) 221-7663
Fax No.: (866) 345-4948
E-mail: fluper@lnlattorneys.com


ATTORNEYS FOR DEFENDANT
Q.B. JOHNSON MANUFACTURING, INC.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 23, 2008, I electronically filed the foregoing Defendant's Motion to Dismiss or Stay, with Brief in Support with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Joseph C. Winner
McFadden Winner Savage & Segerman
175 South Third Street, Suite 350
Columbus, Ohio 43215-5188
jcwinner@earthlink.net

*Attorney for Plaintiff*

          s/ Leif E. Swedlow
          Leif E. Swedlow

208912.2